*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *LEYLA HASHI,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| *v.* | ) | *No. 2:17-cv-00143-JDL* |
| | ) | |
| *SEI/AARON'S, INC., et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

*MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S OBJECTION TO*
*SCHEDULING ORDER AND DEFENDANTS' MOTION TO STRIKE JURY DEMAND*

Plaintiff Leyla Hashi objects to the court's scheduling order (ECF No. 6) on the basis that it fails to reflect her demand for a jury trial on all claims, *see* Plaintiff's Limited Objection to Scheduling Order ("Plaintiff's Objection") (ECF No. 7); defendants SEI/Aaron's, Inc., and Aaron's, Inc., in turn move to strike her jury demand because she did not timely request a trial by jury following the defendants' removal of her case from state court, *see* [Defendants'] Motion To Strike Jury Demand ("Defendants' Motion") (ECF No. 9). Because I conclude that, while the plaintiff's jury demand was untimely, in the circumstances her forfeiture of her right to a jury trial should be excused, I sustain the plaintiff's objection to the scheduling order and deny the defendants' motion to strike her jury demand.

## I.    Procedural Background

The plaintiff filed the instant employment discrimination complaint in the Maine Superior Court, Cumberland County, on March 9, 2017. *See* Affidavit of Katharine I. Rand (ECF No. 2) ¶ 2; Complaint (ECF No. 2-1), attached thereto. On April 20, 2017, the defendants simultaneously removed the case to this court and filed an answer to the complaint. *See* Notice of Removal (ECF No. 1); Defendants' Answer to Complaint (ECF No. 4). On May 8, 2017, this court issued its

1

customary "Standard Track" scheduling order.  *See* ECF No. 6.  On May 18, 2017, in the context of objecting to the scheduling order, the plaintiff demanded a jury trial on all issues.  *See* Plaintiff's Objection.

## II.   Discussion

### A.  Whether Jury Demand Was Timely

Federal Rule of Civil Procedure 81 provides, in relevant part:

> **(3)**   ***Demand for a Jury Trial.***
> **(A)**  *As Affected by State Law.*  A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal.  If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time.  The court must so order at a party's request and may so order on its own.  A party who fails to make a demand when so ordered waives a jury trial.
> **(B)** *Under Rule 38.*  If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:
> > **(i)**  it files a notice of removal; or
> > **(ii)**  it is served with a notice of removal filed by another party.

Fed. R. Civ. P. 81(c)(3).

Federal Rule of Civil Procedure 38 provides, in relevant part:

> **(b)**   **Demand.**  On any issue triable of right by a jury, a party may demand a jury trial by:
> > **(1)**  serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and
> > **(2)**  filing the demand in accordance with Rule 5(d).

> ***

> **(d)**   **Waiver; Withdrawal.**  A party waives a jury trial unless its demand is properly served and filed. . . .

Fed. R. Civ. P. 38(b), (d).

The plaintiff argues that, because she was not required pursuant to Maine Rules of Civil Procedure 16B(i) and 38(b) to make a jury demand *prior to* the time of removal, "state law did not

require an express demand for a jury trial" for purposes of Federal Rule of Civil Procedure 81(c)(3)(A).  *See* Plaintiff's Objection to Motion To Strike Plaintiff's Jury Demand and Reply in Support of Plaintiff's Limited Objection to Scheduling Order ("Plaintiff's Response") (ECF No. 10) at 1-2.  Hence, she contends, she was not required to make a jury demand unless this court ordered her to do so within a specified time.  *See id*. at 2.

However, as the defendants note, *see* Defendant[s'] Reply in Support of Motion To Strike Plaintiff's Demand for a Jury Trial ("Defendants' Reply") (ECF No. 11) at 1, this court has rejected the plaintiff's reading of Rule 81(c)(3)(A), *see, e.g., Pastula v. Lane Constr. Corp*., No. Civ. 1:05-133-W, 2006 WL 462350, at *1 (D. Me. Feb. 23, 2006) ("The Maine Rules of Civil Procedure have long required a party to make a jury demand at some point during the pretrial period to prevent the case from defaulting to the nonjury list.  The defendant's position on this issue is unassailable and has been the recognized rule in this district for many years.").  As Judge Hornby has explained:

> The time for demanding a jury trial in a case removed to federal court from state court has bedeviled lawyers in this District since at least 1983.  But the case-law interpreting the Rule on timeliness is pellucid . . . .
>
> Fed. R. Civ. P. 81(c)(3) says that where a party has already demanded a jury trial in the state court papers, there is no need to renew the demand in federal court.  But where, as here, there was no demand in the state court papers, "[i]f the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time."  Fed. R. Civ. P. 81(c)(3)(A).  In 1983, however, Judge Carter ruled that Maine state law does require an express demand for a jury trial, and therefore the quoted provision (somewhat reworded since then, but not affecting this issue) does not apply. *Bonney v. Canadian Nat'l Ry. Co*., 100 F.R.D. 388, 392 (D. Me. 1983).  The vitality of the *Bonney* holding has been recognized repeatedly and recently.  *See, e.g., Lundy v. Nestle Waters North America, Inc.*, 2009 U.S. Dist. LEXIS 80449, 2009 WL 2767715, at *1-*2 (D. Me. Aug. 28, 2009); *Raymond v. Lane Const. Corp*., 2007 U.S. Dist. LEXIS 82938, 2007 WL 3348286, at *1 (D. Me. Nov. 7, 2007); *Pastula v. Lane Const. Corp.*, 2006 U.S. Dist. LEXIS 6948, 2006 WL 462350, at *3 (D. Me. Feb. 23, 2006).  Accordingly, in a case removed to federal court in Maine, a jury demand must be made.

*Awugah v. Key Bank Nat'l Ass'n*, NO. 2:12-cv-97-DBH, 2012 U.S. Dist. LEXIS 99733, at *1-*2

(D. Me. July 18, 2012) (footnote omitted).  As pertinent here, Judge Hornby noted:

> What confuses lawyers is that Maine does not require a jury demand in the
> complaint.  When a plaintiff must file a jury trial demand in an action is determined
> by the Maine Superior Court's scheduling order.  But Maine does require a demand,
> as Judge Carter ruled in *Bonney*.

*Id*. at *2 n.1 (citations omitted).

Therefore, pursuant to Rule 38(b), the plaintiff's written demand was due on May 4, 2017,

14 days after the defendants filed their answer on April 20, 2017.  *See* Fed. R. Civ. P. 38(b) (written

jury demand is due "no later than 14 days after the last pleading directed to the issue [triable of

right by a jury] is served").[1]  The plaintiff made no written jury demand until May 18, 2017.  *See*

Plaintiffs' Objection.  Pursuant to Rule 38(d), she thereby waived her right to a jury trial absent a

successful motion for extension of time pursuant to Federal Rule of Civil Procedure 6(b)(1) or the

reinstatement of that right pursuant to Federal Rule of Civil Procedure 39(b).  *See Awugah*, 2012

U.S. Dist. LEXIS 99733, at *3-*5 (jury demand waived when plaintiff neither filed a motion for

extension of time pursuant to Rule 6(b)(1) nor invoked Rule 39(b)).

As discussed below, the plaintiff does invoke Rule 39(b), which provides that, although

"[i]ssues on which a jury trial is not properly demanded are to be tried by the court[,] . . . the court

may, on motion, order a jury trial on any issue for which a jury might have been demanded."  Fed.

R. Civ. P. 39(b).

---

[1] The same result obtains if Fed. R. Civ. P. 81(c) applies.  As noted above, the defendants filed their answer on the
same day as their notice of removal, April 20, 2017.  Assuming, without deciding, that, as a result of that simultaneous
filing, "all necessary pleadings ha[d] been served at the time of removal," Fed. R. Civ. P. 81(c)(3)(B), the plaintiff's
written jury demand was due 14 days from the date of the notice of removal, or on May 4, 2017.

**B. Whether Court Should Exercise Discretion To Excuse Untimely Jury Demand**

The plaintiff argues, in the alternative, that even if Rule 38(b) applies, she "should not be deemed to have made a permanent waiver of her constitutional right to a jury trial under the circumstances[,]" a proposition for which she cites *Félix-Hernández v. American Airlines, Inc.*, 539 F. Supp.2d 511 (D.P.R. 2007). Plaintiff's Response at 2.

In *Félix-Hernández*, the court exercised discretion pursuant to Rule 39(b) to excuse a plaintiff's four-day tardiness in filing a demand for jury trial following the removal of his case from state to federal court when (i) the plaintiff was required to find new counsel upon notice of the removal, and did so promptly, (ii) his slight tardiness would not unfairly prejudice the defendant, and (iii) the preservation of his right to a jury trial was "fair and just in light of the circumstances." *Félix-Hernández*, 539 F. Supp.2d at 512.

A court's discretion pursuant to Rule 39(b) to excuse a party's waiver of a jury trial "is very broad[.]" *T G Plastics Trading Co. v. Toray Plastics (Am.), Inc*., 775 F.3d 31, 36 (1st Cir. 2014) (citation and internal quotation marks omitted).

> In deciding Rule 39(b) motions, courts have considered various factors, such as (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Id*. (citation and internal quotation marks omitted).

While the plaintiff offers no reason for her tardiness, which evidently stemmed from the confusion on the part of counsel described by Judge Hornby in *Awugah*, the remaining factors cut in her favor. Her case involves employment discrimination issues, which are best tried to a jury. *See, e.g., Tanvir v. Laporte*, 169 F.R.D. 292, 294 (S.D.N.Y. 1996) (granting Rule 39(b) motion in part on basis that "employment discrimination cases are, now, routinely tried before a jury").

5

Reinstating the plaintiff's right to a jury trial will not adversely impact the court's schedule or that of the defendants: the discovery deadline does not expire until September 25, 2017.  There is no apparent prejudice to the defendants.  And, finally, the two-week delay was relatively minimal.

In similar circumstances, this court has exercised discretion to excuse a party's waiver of the right to a jury trial.  *See, e.g., Huch v. Madeira*, 1:15-cv-00423-GZS, 2016 U.S. Dist. LEXIS 20659, at *3-*4 (D. Me. Feb. 19, 2016) (plaintiffs identified good reason for tardy written jury demand; however, even assuming that they did not, the preservation of their right to a jury trial was warranted when all other factors militated in their favor); *Lundy*, 2009 WL 2767715, at *2 ("The plaintiffs' demand for a jury trial in this case was clearly untimely.  That said, the demand was made only six days after the issuance of the court's scheduling order, presumably before any discovery had begun, and the defendant has made no attempt to demonstrate that it has been prejudiced by the delay, nor is it likely to have been able to make such a showing.  Under these circumstances, it would be unduly harsh to hold the plaintiffs to a knowing waiver of their right to a jury trial.") (footnote and citation omitted).

The equities favor the preservation of the plaintiff's right to a jury trial in this case, as well.

### III.    Conclusion

For the foregoing reasons, the plaintiff's objection to the scheduling order on the basis of its failure to reflect her demand for a jury trial is **SUSTAINED**, and the defendants' motion to strike her jury trial request is **DENIED**.  The Clerk's Office is **DIRECTED** to issue an amended scheduling order noting that a jury trial is demanded.

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 13th day of July, 2017.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge